## BODWELL v. BRAGG & BRO.

1. **Innkeeper:** LIMITATION OF LIABILITY BY NOTICE. The mere posting in the room of a guest a notice limiting the liability of the innkeeper for losses by theft, unless certain directions are observed, does not operate as notice to the guest of its contents ; and it seems, that unless it be shown that the guest read it, or his attention was called to its contents, or that he willfully avoided learning the same, the liability of the innkeeper will not be affected thereby.

2. **Practice:** OBJECTIONS NOT URGED IN ARGUMENT. Objections which, though embraced in the assignment of errors, are not presented in the brief or argument, will not be considered by the supreme court.

*Appeal from Pottawottamie District Court.*

TUESDAY, JUNE 26.

ACTION against defendants, who are innkeepers, to recover on account of money stolen from plaintiff while a guest in their inn. Verdict and judgment for plaintiff. Defendants appeal.

*Montgomery & Paige* for the appellants.

*Clinton, Hart & Brewer* for the appellee.

BECK, J.—I. The first assignment of errors is directed at the instruction designated by the letter "C," and the appellants insists, that, taken in connection with instruction No. 3, given upon request of plaintiff, it is objectionable. Instruction "C" of itself contains no error, and we do not find in the record such an instruction as appellants' counsel in his brief describes as "No. 3." We find an instruction marked "O," which qualifies "C," but the two, taken either separately or together, are not objectionable.

II. There was evidence tending to prove, that, in the

Bodwell v. Bragg & Bro.

room occupied by plaintiff, a notice or card was conspicu-
**1. INNKEEPERS:** ously posted upon the door in distinct and
limitation of
liability by plain print, in the following words : "Bolt
notice. your door. There is a bolt in the lock. The
proprietors will not hold themselves responsible for money
or valuables unless deposited in their safe." The money
was stolen from the clothing of plaintiff while he was
asleep during the night. Upon retiring he had locked
the door, but did not bolt it. He did not see the bolt,
though he passed his hand around the lock on the door,
and found no bolt. The bolt was a part of the lock, and
was used by means of a small handle about one fourth of
an inch square. The thief opened the door by turning
the key from the outside by means of some instrument.
The amount of money stolen was about $105, and was
carried for the purpose of paying plaintiff's traveling
expenses, and was no more than was sufficient for that
purpose. The plaintiff testifies that he did not see the
notice; one of the defendants and another witness give
evidence to the effect that he admitted he saw the notice
but did not read it.

Two instructions are claimed by defendants' counsel to
be erroneous and in conflict, under the evidence and the
law of the case. They are designated differently in his
brief and assignment of errors. We will consider those
which we presume are referred to in the brief. The first
of these is to the effect that the printed card was not
notice to the guest of its contents, unless the guest read it,
or his attention was called to it, or he was informed of its
contents ; or unless he fraudulently and willfully remained
ignorant of its contents.

The printed card is claimed to be notice of the require-
ment of the defendants as to the disposition of the money
carried by guests of the house, and of the care necessary
to protect them from loss. The instruction is evidently

intended to announce the rule that such requirements cannot be made known simply by posting in the room a notice thereof. If this be the law, the instruction is correct. We may admit that the requirements are proper and may be enforced. If so, were they brought to the knowledge of plaintiff by means of notice? Now it can hardly be claimed that the mere fact that a notice was posted on the door of the room would be conclusive evidence of the knowledge on the part of plaintiff of the requirements it contained. It was a method of communicating to the guest the requirements, but we know of no principle of law which will raise a presumption of knowledge thereof obtained in that way. Of course, if it was brought to his knowledge, or he willfully and fraudulently remained ignorant thereof, in the manner indicated in the instruction, he would be chargeable with notice. It may be admitted, that, if through negligence the plaintiff failed to see and read the notice, he ought to be chargeable with knowledge thereof. And this modification is plainly and clearly given in the other instruction, designated as "No 10" by defendant's counsel, but in the record by the letter "N."

These instructions, taken in connection with others given, satisfy us that the law was fairly and correctly given to the jury.

Other instructions are complained of in the assignment of errors, but are not noticed in defendants' brief. We do
2. PRACTICE: not consider objections that are not presented
objections not
urged in argu- and urged in argument, and we are not sat-
ment. isfied, that, on account of the confusion in the designation of the instructions, we really know against which instructions the assignment is directed.

III. It is urged that the evidence does not support the verdict. We are unable to say that the finding of the jury is not sustained by the weight of evidence. The

motion for a new trial, based upon this objection, was therefore properly overruled.

Affirmed.